

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*  *973/645-2700*
*Newark, NJ 07102*

LJW/PL AGR
2008R01054

August 24, 2010

William J. Hunt, Esq.
155 Polifly Rd.
Hackensack, New Jersey 07601

    Re:  <u>Plea Agreement with Dagoberto Enrique Estrella</u>

Dear Mr. Hunt:

    This letter sets forth the plea agreement between your client, Dagoberto Enrique Estrella, a/k/a "El Tio," a/k/a "Tony" (hereinafter "Dagoberto Estrella"), and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Dagoberto Estrellla to Count Two of the Indictment, Crim. No. 08-656 (SDW), which charges that from at least as early as in or about November 2007 through on or about September 14, 2008 Dagoberto Estrellla did knowingly and intentionally conspire and agree with others to distribute and possess with intent to distribute 1 kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, contrary to 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A), in violation of 21 U.S.C. § 846. If Dagoberto Estrellla enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Dagoberto Estrellla for drug distribution and importation conspiracy from November 2007 through December 15, 2008. In addition, if Dagoberto Estrellla fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss Count One of the Indictment, Crim. No. 08-656 (SDW), against Dagoberto Estrellla. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred

by the applicable statute of limitations on the date this agreement is signed by Dagoberto Estrellla may be commenced against him, notwithstanding the expiration of the limitations period after Dagoberto Estrella signs the agreement.

Sentencing

The violation of 21 U.S.C. § 846 to which Dagoberto Estrellla agrees to plead guilty carries a statutory mandatory minimum sentence of 10 years' imprisonment; a statutory maximum sentence of life imprisonment; and a statutory maximum fine equal to the greatest of: (1) $4 million; or (2) twice the gross profits or other proceeds to Dagoberto Estrellla. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Dagoberto Estrellla is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Dagoberto Estrellla ultimately will receive.

Further, in addition to imposing any other penalty on Dagoberto Estrellla, the sentencing judge: (1) will order Dagoberto Estrellla to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Dagoberto Estrellla to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may deny Dagoberto Estrellla certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and (4) pursuant to 21 U.S.C. § 841, must require Dagoberto Estrellla to serve a term of supervised release of at least 5 years, which will begin at the expiration of any term of imprisonment imposed. Should Dagoberto Estrellla be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Dagoberto Estrellla may be sentenced to not more than 5 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Dagoberto Estrellla by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Dagoberto Estrellla's activities and relevant conduct with respect to this case.

Stipulations

This Office and Dagoberto Estrellla agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Dagoberto Estrellla from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Dagoberto Estrellla waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Dagoberto Estrellla. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil proceeding against Dagoberto Estrellla.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between Dagoberto Estrellla and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: L. JUDSON WELLE
Assistant U.S. Attorney

APPROVED:

Andrew Carey
Chief, Narcotics/OCDETF Unit

I have received this letter from my attorney, William J. Hunt, Esq. This letter has been translated for me into Spanish. My attorney and I have discussed the letter and all of its provisions, including the provisions addressing the charge, sentencing, the stipulations, waiver, forfeiture, and immigration consequences. I understand the letter fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

Dagoberto Enrique Estrella                Date: 9-16-10

I have discussed with my client this letter and all of its provisions, including the provisions addressing the charge, sentencing, the stipulations, waiver, forfeiture, and immigration consequences. My client understands the letter fully and wants to plead guilty pursuant to this plea agreement.

_____          Date:  9/16/10
William J. Hunt, Esq.

Plea Agreement With Dagoberto Estrella

Schedule A

1. This Office and Dagoberto Estrella recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Dagoberto Estrella nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Dagoberto Estrella within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Dagoberto Estrella further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2009 applies in this case. The applicable guideline is U.S.S.G. § 2D1.1.

3. The offense involved at least 3 KG or less than 10 KG of heroin. This results in a Base Offense Level of 34. See U.S.S.G. § 2D1.1(c)(3).

4. The parties do not agree as to the applicability of U.S.S.G. § 3B1.1, and both sides reserve the right to argue their respective positions at sentencing. The government's position is that Dagoberto Estrella was an organizer, leader, manager, or supervisor of the relevant criminal activity, which would result in a 2-level enhancement pursuant to U.S.S.G. § 3B1.1(c), and Dagoberto Estrella's position is that he was not an organizer, leader, manager, or supervisor of the relevant criminal activity and, therefore, should not receive any enhancement under U.S.S.G. § 3B1.1.

5. As of the date of this letter, Dagoberto Estrella has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Dagoberto Estrella's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

6. As of the date of this letter, Dagoberto Estrella has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently.

If Dagoberto Estrella enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Dagoberto Estrella's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Dagoberto Estrella will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

7. In accordance with the above, the parties agree that (a) if the Court finds that Dagoberto Estrella was not was not an organizer, leader, manager, or supervisor of the relevant criminal activity, the total Guidelines offense level applicable to the defendant will be 31, and that (b) if the Court finds that the Dagoberto Esterlla was an organizer, leader, manager, or supervisor of the relevant criminal activity, the total Guidelines offense level applicable to Dagoberto Estrella will be 33 (collectively, "the agreed total Guidelines offense level").

8. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

9. Dagoberto Estrella knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from a total Guidelines offense level of 31. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from a total Guidelines offense level of 33. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

10. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.